UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

John Watkins,
    Petitioner,

vs.                                      Case No. 1:07cv644
                                           (Spiegel, S.J.; Black, M.J.)

Warden, Chillicothe Correctional
Institution,
    Respondent.

## REPORT AND RECOMMENDATION

       Petitioner, who was an inmate in state custody at the Chillicothe Correctional Institution ("CCI") in Chillicothe, Ohio at the time the instant action commenced, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] This matter is before the Court on the petition (Doc. 1), respondent's "Answer/Return Of Writ" with exhibits (Doc. 5), and petitioner's "traverse" in reply to the return of writ (Doc. 6), as well as the transcript of the state trial proceedings (Doc. 8).

---

[1] A copy of a court order filed October 7, 2008 recently was sent to petitioner at CCI. (*See* Doc. 8). The mail was returned to the Clerk of Court as undeliverable, because the location of the addressee was "not known;" the returned envelope also contained the following inscription: "OTC Judicial Release 5-2-08." (*See* Doc. 9). Respondent has filed a motion to dismiss for failure to prosecute because petitioner has not kept "this Court apprised of [his] current address." (Doc. 10). However, at this late juncture, because petitioner has diligently prosecuted this case until only recently, and because the record is complete and the matter is ripe for ruling, the undersigned instead will address the merits of petitioner's sole claim for relief. Respondent's motion to dismiss (Doc. 10) should, therefore, be **DENIED** as moot.

**Factual And Procedural Background**

On July 6, 2004, the grand jury of Hamilton County, Ohio, returned an indictment charging petitioner with two counts of rape in violation of Ohio Rev. Code § 2907.02(A)(2) (Counts 1 and 3), and two counts of sexual battery in violation of Ohio Rev. Code § 2907.03(A) (Counts 2 and 4). (Doc. 5, Ex. 1). After a jury trial, petitioner was found guilty of rape as charged in Count 1 of the indictment, and was acquitted of all other charges. (*See id.,* Ex. 2). On April 1, 2005, petitioner was sentenced to a four (4) year prison term. (*Id.*).

With the assistance of new counsel, petitioner timely appealed to the Ohio Court of Appeals, First Appellate District, raising three assignments of error, including the claim that the "evidence was insufficient as a matter of law and/or against the manifest weight of the evidence to sustain appellant's conviction for rape." (*Id.,* Ex. 3).

On April 5, 2006, the Ohio Court of Appeals overruled petitioner's assignments of error and affirmed the trial court's judgment. (*Id.*, Ex. 5). In its decision, the state appellate court made the following factual findings, which are presumed correct under 28 U.S.C. § 2254(e)(1),[2] based on evidence presented at trial regarding the rape:

> The victim testified that she was sleeping on a couch at [petitioner's] home when she was awakened by a sharp pain in her rectum. The victim, who had been lying on her stomach, rolled over and saw [petitioner] standing next to the couch. She was still wearing her shirt, but noticed that her shorts were no longer on.
>
> The victim's friend, Kristin Campbell, testified that she and the victim had gone to [petitioner's] home after a party. Campbell testified that when she and [petitioner's] girlfriend had left the home, the victim had been lying on the couch and [petitioner] had gone to bed. Shortly thereafter, the victim called Campbell. The victim was hysterical and

---

[2] Specifically, 28 U.S.C. § 2254(e)(1) provides that "[i]n a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct" unless petitioner rebuts the presumption by "clear and convincing evidence." Petitioner has neither cited nor presented any evidence to rebut the Ohio Court of Appeals' factual findings quoted herein. Therefore, he has not shown that such findings are erroneous.

said that [petitioner] had raped her, and that she had pushed him off her.

A nurse who had examined the victim after the offense testified that the victim had told her she had felt someone pulling off her shorts just before the attack. During her examination, the nurse did not observe any trauma to the victim's rectal area. But testing revealed the presence of [petitioner's] semen in the victim's rectal area[.]

[Petitioner's] girlfriend, Tracie Alfieri, testified that she had answered Campbell's cellular phone when the victim called. The victim was upset and speaking rapidly. She said that [petitioner] had raped her. The victim told Alfieri that she had been on the couch when she felt someone take her shorts off, and then she felt pain.

[Petitioner] testified that he did not recall seeing the victim in his home that evening and did not recall forcing himself on her, because, as he stated, he "would not do that."

(*Id.,* pp. 2-3).

With the assistance of new counsel from the Ohio Public Defender's Office, petitioner timely appealed to the Supreme Court of Ohio, claiming in a proposition of law that he was denied due process because his rape conviction was based on insufficient evidence. (*See id.,* Ex. 6). On August 2, 2006, the state supreme court denied petitioner leave to appeal and summarily dismissed the appeal "as not involving any substantial constitutional question." (*Id.,* Ex. 8).

Petitioner filed the instant federal habeas corpus petition in August 2007. (*See* Doc. 1). Petitioner alleges as the sole ground for relief that "there was not sufficient evidence presented to the jury to convict petitioner of rape and/or the conviction of the same was against the manifest weight of the evidence." (*Id.,* pp. 5D-5E). Respondent asserts in the return of writ that petitioner is not entitled to habeas relief because, contrary to petitioner's contention, sufficient evidence was presented at trial to establish the essential elements of rape. (Doc. 5, Brief, pp. 9-12).

3

# OPINION

## Petitioner Is Not Entitled To Relief Based On His Sole Claim Challenging The Weight And Sufficiency Of Evidence Supporting His Rape Conviction

As an initial matter, to the extent petitioner challenges his rape conviction on the ground that the jury's verdict was against the manifest weight of the evidence, his claim is not cognizable in this federal habeas proceeding. A federal court may review a state prisoner's habeas petition only on the ground that the challenged confinement violates the Constitution, laws or treaties of the United States, and not "on the basis of a perceived error of state law." 28 U.S.C. § 2254(a); *Pulley v. Harris,* 465 U.S. 37, 41 (1984); *see also Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal court to reexamine state-court determinations on state-law questions"); *Bugh v. Mitchell,* 329 F.3d 496, 512 (6th Cir.), *cert. denied,* 540 U.S. 930 (2003). Petitioner's manifest-weight-of-the-evidence claim raises an issue of state-law only. *See Tibbs v. Florida*, 457 U.S. 31, 41-47 (1982); *State v. Thompkins,* 678 N.E.2d 541, 546-48 (Ohio 1997), *superseded by state constitutional amendment on other grounds, State v. Smith,* 684 N.E.2d 668 (Ohio 1997), *cert. denied,* 523 U.S. 1125 (1998).

Therefore, only petitioner's sufficiency of evidence claim triggers a due process issue subject to review on the merits herein. Petitioner essentially contends that he is entitled to relief based on such claim because the evidence presented at trial was insufficient to establish that (1) he "anally penetrated" the victim as charged in Count 1 of the indictment, and (2) he compelled the victim to submit by the "use of force or threat of force." (*See* Doc. 1, pp. 5A-5D).

In this case, the Ohio Court of Appeals was the only state court to address the merits of the federal due process claim challenging the sufficiency of evidence. Citing only state case-law, the court overruled the claim of error, reasoning in relevant part as follows:

> . . . .When reviewing the sufficiency of evidence, an appellate court must examine the evidence admitted at trial in the light most favorable to the prosecution and determine whether such evidence could have convinced any rational trier of fact that the essential elements of the crimes had been proved beyond a reasonable doubt.

\*\*\*\*

> To support a conviction for rape as charged in the indictment, the jury had to find that Watkins had engaged in anal intercourse with the victim, and that he had purposely compelled the victim to submit by force or threat of force.
>
> Watkins argues that the state failed to prove the element of force where there was no evidence of injury to the victim's body or of trauma to the victim's rectal area. But the nurse testified that, in cases of anal rape, the lack of visible rectal trauma was common due to the physical characteristics of the area, especially if the victim had been lying on her stomach at the time of the penetration.
>
> Moreover, proof of force does not require evidence of physical harm. R.C. 2901.01(A)(1) defines "force" as "any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing." The legislature's use of the word "any" recognizes that "various crimes upon various victims require different degrees and manners of force."
>
> Force need not be overt and physically brutal. Even minimal physical exertion by a defendant may be sufficient proof of force. If a victim is asleep, an offender may need to use only the slightest force to accomplish his objective. Indeed, courts have found sufficient evidence of force where a defendant repositioned a sleeping victim's clothing or body to accomplish his sexual offense.
>
> In this case, the state presented sufficient evidence of forcible rape, where Watkins pulled off the sleeping victim's shorts, got on top of her, and engaged in anal penetration that caused great pain. And despite Watkins's denial of the offense, we cannot say that the trier of fact clearly lost its way or that it created a manifest miscarriage of justice. This is not the exceptional case where the evidence weighs heavily against conviction. . . .

(Doc. 5, Ex. 5, pp. 1, 3-4) (footnotes to state statutory and case citations omitted).

In the usual case, a federal habeas petitioner is not entitled to relief unless

the state court's adjudication of his constitutional claim resulted in a decision that (1) was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court, or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. *See* 28 U.S.C. § 2254(d); *see also Williams v. Taylor,* 529 U.S. 362, 402-03 (2000) (O'Connor, J., writing for majority on this issue); *Harris v. Stovall,* 212 F.3d 940, 942 (6th Cir. 2000), *cert. denied,* 532 U.S. 947 (2001); *Harpster v. Ohio,* 128 F.3d 322, 326 (6th Cir. 1997), *cert. denied,* 522 U.S. 1112 (1998).

A state court decision is "contrary to" clearly established federal law as determined by the Supreme Court under § 2254(d)(1) if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams,* 529 U.S. at 405-06 (O'Connor, J.); *Harris,* 212 F.3d at 942. An "unreasonable application" of Supreme Court precedent occurs (1) if the state court identifies the correct legal standard but unreasonably applies it to the facts of the case, or (2) if the state court either unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply. *Williams,* 529 U.S. at 407-08 (O'Connor, J.).

Under § 2254(d)(1)'s "unreasonable application" clause, a federal habeas corpus court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411 (O'Connor, J.); *see also Bell v. Cone,* 535 U.S. 685, 694 (2002); *McGhee v. Yukins,* 229 F.3d 506, 510 (6th Cir. 2000); *Harris,* 212 F.3d at 942.

The reasonableness inquiry is an objective one; it does not involve a subjective inquiry into whether or not reasonable jurists would all agree that the state court's application was unreasonable. *Williams,* 529 U.S. at 409-10 (O'Connor, J.); *see also Washington v. Hofbauer,* 228 F.3d 689, 698 (6th Cir. 2000); *Harris,* 212 F.3d at 942-43. Moreover, the writ may issue only if the application is objectively unreasonable "in light of the holdings, as opposed to the dicta, of the Supreme Court's decisions as of the time of the relevant state court decision." *McGhee,* 229 F.3d at 510, 512 (citing *Williams,* 529 U.S. at 412).

In this case, although the Ohio Court of Appeals did not cite Supreme Court precedent in addressing petitioner's sufficiency of evidence claim, the court correctly identified the standard of review which was established by the Supreme Court in *Jackson v. Virginia,* 443 U.S. 307 (1979), as governing the resolution of this issue. The Due Process Clause requires the State to prove beyond a reasonable doubt every fact necessary to constitute the charged offense. *In Re Winship,* 397 U.S. 358, 363-64 (1970). Therefore, as the Ohio Court of Appeals apparently understood (*see* Doc. 5, Ex. 5, p. 1), when a prisoner raises a sufficiency of evidence claim in a petition for writ of habeas corpus, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson,* 443 U.S. at 319 (emphasis in original).

This standard does not require the State to rule out every hypothesis except that of guilt beyond a reasonable doubt. *Id.* at 326. Rather, under this standard, "a federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume–even if it does not affirmatively appear in the record–that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Id.*; *see also Walker v. Engle,* 703 F.2d 959, 969-70 (6th Cir.), *cert. denied,* 464 U.S. 951, 962 (1983). It is the jury's responsibility as the trier of fact to resolve conflicts in testimony, to weigh the evidence and to draw reasonable inferences from the evidence. *Jackson,* 443 U.S. at 319. Consequently, the reviewing court is not permitted to make its own subjective determination of guilt or innocence or otherwise substitute its opinion for that of the trier of fact which convicted the petitioner. *Id.* at 318-19 & n.13; *see also York v. Tate,* 858 F.2d 322, 329 (6th Cir. 1988) (*per curiam*), *cert. denied,* 490 U.S. 1049 (1989)

Petitioner was convicted of committing the following rape offense as charged in Count 1 of the indictment: "on or about the 2nd day of September in the year [2002] . . ., [petitioner] engaged in sexual conduct, to wit: anal intercourse, with [the victim], and . . . purposely compelled [the victim] to submit by force or threat of force, in violation of [Ohio Rev. Code §] 2907.02(A)(2)." (*See* Doc. 5, Exs. 1, 2).

Ohio Rev. Code § 2907.02(A)(2) provides: "No person shall engage in sexual conduct with another when the offender purposely compels the other person

7

to submit by force or threat of force." Ohio Rev. Code § 2901.01(A) defines "force" as "any violence, compulsion or constraint physically exerted by any means upon or against a person or thing." Ohio Rev. Code § 2907.01(A) defines "sexual conduct" in pertinent part as follows:

> "Sexual conduct means . . . anal intercourse . . . between persons regardless of sex; and, without privilege to do so, the insertion, however slight, of any part of the body or any instrument, apparatus, or other object into the ... anal opening of another. Penetration, however slight, is sufficient to complete . . . anal intercourse.

Here, as the state appellate court reasonably concluded, the State presented sufficient evidence to establish beyond a reasonable doubt that petitioner engaged in sexual conduct with the victim, and that he purposely compelled the victim to submit by force or threat of force.

First, contrary to petitioner's contention that the evidence was insufficient to establish he engaged in "sexual conduct" with the victim, a rational trier of fact could have found that petitioner had anal intercourse with the victim as charged in Count 1 of the indictment. The victim testified at trial that she was awakened when she felt a "really, really sharp pain" in her rectum, and that when she rolled over on the couch where she had been sleeping on her stomach, she saw petitioner, who was wearing only a t-shirt, "standing right next to the couch, facing me," with an erect penis. (*See* Doc. 8, Tr. 246, 248-49). When the victim "jumped up" from the couch, she noticed her shorts had been pulled off. (*See id.*, Tr. 250).

Petitioner contends that the victim's "credibility concerning this incident was questionable." (Doc. 1, p. 5A). However, even assuming, without deciding, that there were inconsistencies in the victim's testimony, this Court may not disturb the jury's findings as the trier of fact in assessing the various witnesses' credibility, the weight to be given their testimony, or the inferences to be drawn from the evidence. *See Jackson,* 443 U.S. at 318-19 & n.13.

In any event, the victim's testimony was corroborated to the extent that semen was later identified on the victim's shorts and on the rectal swabs taken from the victim on her examination at the hospital by a sexual assault nurse examiner a few hours after the assault. (*Id.,* Tr. 341-42, 393). Moreover, when further testing was conducted on DNA extracted from a sample provided by

petitioner in 2004, it was determined that "the DNA profile . . . identified from the semen on the rectal swabs . . . matche[d] the DNA profile obtained from [petitioner]." (*See id.*, Tr. 344-47).

Petitioner also appears to argue that the evidence is insufficient because there was "no physical evidence of anal penetration;" petitioner relies on the fact that the nurse who examined the victim found no evidence of trauma to the victim's rectal area and that the rectal swabs were taken from an area "outside" of the actual rectal cavity. (Doc. 1, p. 5A; *see also* Doc. 8, Tr. 406-07). However, as the Ohio Court of Appeals pointed out in rejecting this argument (Doc. 5, Ex. 5, p. 3), the nurse testified at trial that given the rectum's unique physical characteristics, "a lot of times we don't see trauma in that area," particularly in cases such as this involving a victim who was lying on her stomach when the penetration occurred. (*See* Doc. 8, Tr. 390-91). Moreover, the nurse stated that a swab of the rectal area cannot be inserted into the rectum itself "because it's a very delicate area and there's a lot of things you can disrupt there." (*Id.,* Tr. 393).

Accordingly, in sum, even in the absence of evidence of observable trauma to the victim's rectum, the undersigned concludes that sufficient evidence was presented in this case from which a rational juror could infer that penetration occurred, however "slight," which completed the act of anal intercourse charged against petitioner.

Second, petitioner argues that the evidence was insufficient to establish beyond a reasonable doubt the "force" element of the rape offense charged against him in Count 1 of the indictment. (Doc. 1, pp. 5C-D). He suggests in his "traverse" in reply to the return of writ that the state appellate court misapplied a state-law standard in determining the requisite showing of "force or threat of force" in upholding petitioner's rape conviction. (Doc. 6, p. 3).

To the extent petitioner disagrees with the Ohio Court of Appeals' interpretation and application of the state-law standards on the showing of force required to establish a rape offense, this federal habeas Court lacks authority to review his claim. *See Toney v. Anderson,* 142 F.3d 436 (table), No. 96-4284, 1998 WL 68919, at *1 (6th Cir. Feb. 13, 1998) (per curiam) (unpublished) (citing *Mullaney v. Wilbur,* 421 U.S. 684, 691 (1975), the Sixth Circuit refused to consider the petitioner's "sufficiency of evidence argument," which constituted "a veiled attack on the state courts' interpretation and application of state law," to the extent

9

the petitioner contended, as suggested in this case, that the Ohio Court of Appeals improperly applied "the relaxed standard for a showing of 'force or threat of force' that applies in cases involving children, *see State v. Eskridge,* . . . 526 N.E.2d 304 (Ohio 1998) . . ., rather than the stricter standard of proof of force that applies when the victim is an adult[,] [*s*]*ee State v. Schaim,* . . . 600 N.E.2d 662 (Ohio 1992)).³

  In any event, in accordance with state-law standards, a rational juror could infer from the evidence presented at trial that petitioner used force to compel the victim to submit to the act of anal intercourse as charged in Count 1 of the indictment.

  Contrary to petitioner's contention (*see* Doc. 1, p. 5C), and as the Ohio Court of Appeals recognized in its direct appeal decision (*see* Doc. 5, Ex. 5, p. 3), the lack of physical evidence of "trauma to the rectal area" does not mean that no force was used by petitioner. *See State v. Williams,* No. 2005-P-0009, 2006 WL 621696, at *5 (Ohio Ct. App. Mar. 10, 2006) (unpublished) (in rejecting the defendant's argument that "there was no evidence of force because there was no bruising, abrasions or lacerations on the [adult] victim," the court noted that Ohio Rev. Code § 2901.01(A) "does not require the presence of physical signs in order to meet the definition of force"). Instead, "all of the circumstances surrounding the sexual contact are relevant and may be considered by the jury in determining whether force or threat of force was used against the victim," including circumstances occurring *after* the sexual contact. *See, e.g., State v. Drayer,* 823 N.E.2d 492, 495 (Ohio Ct. App. 2004) (citing the Supreme Court of Ohio's decisions in *Schaim,* 600 N.E.2d at 665, and *State v. Dye,* 695 N.E.2d 763, 766-67 (Ohio 1998), as well as state appellate court cases).

  In this case, the victim initially was asleep when petitioner committed the charged rape offense. As the Ohio Court of Appeals pointed out in its direct appeal decision (*see* Doc. 5, Ex. 5, p. 4), Ohio courts have found in analogous cases that

---

  ³ *See also Pordash v. Hudson,* No. 1:06cv836, 2007 WL 2229833, at *1-2 (N.D. Ohio July 31, 1997) (Oliver, J.) (unpublished) (holding that the magistrate judge had "impermissibly replaced the analysis of the state court with its own analysis" when the magistrate judge found that the Ohio appellate court had "employed the wrong standard in determining sufficiency of the force element of rape" and proceeded to consider the petitioner's sufficiency-of-evidence claim by employing a "different standard").

the "element of force is present when a defendant [engages in prohibited sexual conduct with] a person who is asleep, and physically exerts force to accomplish the offense;" in so finding, the courts have not considered the fact that some victims are subject to a lesser showing of force, depending on their age, size or strength or relation to the offender, a dispositive factor. *See, e.g., State v. Byrd,* No. 82145, 2003 WL 21710795, at *3-4 (Ohio Ct. App. July 24, 2003) (unpublished) (and state cases cited therein); *cf. State v. Bajaj,* No. 03 CO 16, 2005 WL 1385709, at *3 (Ohio Ct. App. June 8, 2005) (unpublished) (in rejecting the defendant's argument that "rearranging someone's body is insufficient to prove force," the court pointed out that the Ohio "[a]ppellate courts have found sufficient evidence of force even if the victim was asleep when the offense was committed"), *appeal dismissed,* 837 N.E.2d 1208 (Ohio 2005).[4]

Here, evidence was presented at trial to support the reasonable inference that petitioner pulled off the victim's shorts while she was sleeping in order to accomplish the sexual offense of anal intercourse. This evidence in and of itself was sufficient to establish beyond a reasonable doubt the force element of the charged rape offense.

Moreover, the events, which subsequently occurred when the victim awoke after feeling a sharp pain in her rectum, further supports the inference that force was used. Specifically, the victim testified:

> I jumped up and said, what are you doing? And in not too many words he spun me around, grabbed me right here on my arms[,] . . . and he threw me into th[e] [hallway] bathroom, . . . and pulled that door out and slammed it shut.

---

[4] *See also State v. Simpson,* No. 88301, 2007 WL 2391091, at *7 (Ohio Ct. App. Aug. 23, 2007) (unpublished) (manipulation of 9-year-old victim's clothing and sleeping body into a position that facilitated the sexual conduct was sufficient to show use of force), *appeal dismissed,* 879 N.E.2d 786 (Ohio 2008); *State v. Lillard,* No. 69242, 1996 WL 273781, at *5-6 (Ohio Ct. App. May 23, 1996) (unpublished) (requisite force shown by evidence that the defendant used physical exertion to spread open the 16-year-old victim's legs and robe while she was sleeping), *appeal dismissed,* 673 N.E.2d 136 (Ohio 1996); *State v. Sullivan,* No. 63818, 1993 WL 398551, at * 4 (Ohio Ct. App. Oct. 7, 1993) (unpublished) (the acts of separating the 12-year-old victim's legs and pulling down her shorts and underwear while she was asleep "clearly can only be accomplished by the application of physical force," and therefore "without question [fell] within the definition of 'force'" set forth in Ohio Rev. Code § 2901.01(A)).

(Doc. 8, Tr. 249). The victim testified that she sat crying in the bathroom for a while. She said: "I didn't know what to think. I didn't know if it was over. . . . I didn't know what to do. All I knew was I wanted to find my friend." (*Id.,* Tr. 251).

In addition, the victim testified that when she finally ventured out of the bathroom in search of a phone to call her friend, she ended up having a verbal exchange with petitioner, who told her: "[W]hat the fuck do you need a phone for? No one is going to believe you anyway." (*Id.,* Tr. 253). As soon as the victim found a phone to call her friend, she immediately left the house and remained on the front porch until her friend arrived because "I didn't want to be in there." (*Id.*).

The victim's friend, Kristin Campbell, and petitioner's girlfriend, Tracie Alfieri, both testified that the victim sounded upset on the phone when she called Campbell from the front porch. (*Id.,* Tr. 313-15, 439-40). Campbell further testified that she found the victim "crying hysterically" on the porch "kind of curled up in a ball" when she and Alfieri arrived back at the house soon thereafter. Campbell corroborated the victim's testimony to the extent that the victim told Campbell at that time that "she had woken up [to find petitioner] was anally penetrating her and she was startled, awakened by it," and that he had "pushed her into the downstairs bathroom." (*Id.,* Tr. 317).

A rational juror could have inferred from all these circumstances surrounding the incident that petitioner used force against the victim to engage in the act of anal intercourse with her and that, given the victim's vulnerable state at the time, the victim was thereby compelled to submit to the sexual conduct that was committed against her will.

Accordingly, in sum, the undersigned concludes that the manifest-weight-of-the-evidence claim alleged by petitioner in the instant petition raises a state-law issue only, which may not be considered on federal habeas corpus review. With respect to the sufficiency of evidence claim alleged by petitioner in the instant petition, the undersigned further concludes that, when viewing the evidence in the light most favorable to the prosecution, a rational juror could have found beyond a reasonable doubt that petitioner raped the victim in violation of Ohio Rev. Code § 2907.02(A)(2), by compelling the victim to submit by the use of force to the act of anal intercourse.

For these reasons, the state courts' adjudication of petitioner's sufficiency of evidence claim neither is contrary to nor involves an unreasonable application of the *Jackson* standard, and is not based on an unreasonable determination of facts in light of the evidence presented at trial. Petitioner, therefore, is not entitled to habeas corpus relief based on his sole claim challenging the weight and sufficiency of evidence supporting his rape conviction.

## IT IS THEREFORE RECOMMENDED THAT:

1. Respondent's motion to dismiss for failure to prosecute (Doc. 10) be **DENIED** as moot.

2. Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** with prejudice.

3. A certificate of appealability should not issue with respect to petitioner's sole ground for habeas relief, because petitioner has not made a substantial showing that he has stated a "viable claim of the denial of a constitutional right" or that the issues presented are "adequate to deserve encouragement to proceed further." *See Slack v. McDaniel,* 529 U.S. 473, 475 (2000) (citing *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983)); *see also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

4. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and, therefore, should **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 12/16/08
cbc

s/Timothy S. Black
Timothy S. Black
United States Magistrate Judge

J:\BRYANCC\2008 habeas orders\07-644denypet.suffevid-rape-force.wpd

# UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

John Watkins,
    Petitioner

vs                                           Case No. 1:07cv644
                                              (Spiegel, S.J.; Black, M.J.)

Warden, Chillicothe Correctional Institution,
    Respondent

# NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Black, United States Magistrate Judge, in the above-entitled habeas corpus action. Pursuant to Fed. R. Civ. P. 72(b), which may be applied in this action under Rules 1 and 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections. *See* Fed. R. Civ. P. 72(b). A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).