```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                         WESTERN DIVISION
```

JOHN WATKINS,                    :
                                 :    NO. 1:07-CV-00644
    Petitioner,              :
                                 :
                                 :
  v.                            :    **OPINION AND ORDER**
                                 :
                                 :
WARDEN, CHILLICOTHE              :
CORRECTIONAL INSTITUTION,        :
                                 :
    Respondent.              :


This matter is before the Court on the Report and Recommendation in which the assigned Magistrate Judge recommended that Petitioner's Petition for Writ of Habeas Corpus be denied (doc. 11). For the reasons indicated herein, the Court ADOPTS the Magistrate Judge's Report and Recommendation in its entirety.

On August 7, 2007, pro se Petitioner John Watkins, an inmate at the Chillicothe Correctional Institution in Chillicothe, Ohio, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Id.). Petitioner pled as the sole ground for relief that "there was not sufficient evidence presented to the jury to convict Petitioner of rape and/or the conviction of the same was against the manifest weight of the evidence." (doc. 1). In support of this contention, Petitioner made two arguments: (1) that "the evidence was insufficient to establish he engaged in sexual conduct with the victim;" and (2) that the "evidence was insufficient to

establish beyond a reasonable doubt the 'force' element of the rape offense charged against him" (Id.).

In the Report and Recommendation, the Magistrate Judge considered Petitioner's arguments, and found them to be without merit (Id.). As an initial matter, the Magistrate Judge found that to the extent Petitioner challenges his rape conviction on the ground that the jury's verdict was against the manifest weight of the evidence, his claim is not cognizable in this federal habeas proceeding because a federal court may not review a state prisoner's habeas petition "on the basis of a perceived error of state law" (Id., citing among others, 29 U.S.C. § 2254(a); Pulley v. Harris, 465 U.S. 37, 41 (1984)). The Magistrate Judge concluded that Petitioner's manifest-weight-of-the-evidence claim raises an issue of state-law only (Id., citing among others, Tibbs v. Florida, 457 U.S. 31, 41-47 (1982)).

Therefore, the Magistrate Judge found that only Petitioner's sufficiency of evidence claim triggers a due process issue subject to review on the merits (Id.). The Magistrate Judge noted that when a prisoner raises a sufficiency of evidence claim in a petition of habeas corpus, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" (Id., quoting Jackson v. Virginia, 443 U.S. 307 (1979)). The Magistrate

Judge reviewed the record and concluded that under the above standard the State presented sufficient evidence to establish beyond a reasonable doubt that Petitioner engaged in sexual conduct with the victim and that he purposely compelled the victim to submit by force or threat of force (Id.). As to the credibility of the victim's testimony, the Magistrate Judge stated that "this Court may not disturb the jury's findings as the trier of fact in assessing the various witnesses' credibility, the weight to be given their testimony, or the inferences to be drawn from the evidence," finding that the victim's testimony was corroborated (Id.). The Magistrate Judge concluded that the state courts' adjudication of Petitioner's sufficiency of evidence claim to be neither contrary to nor involve an unreasonable application of the Jackson standard, and not based on an unreasonable determination of facts in light of the evidence presented at trial (Id.). The Court, having fully considered this matter, finds the Magistrate Judge's Report and Recommendation well-reasoned, thorough, and correct.

The parties were served with the Report and Recommendation and were therefore afforded proper notice of the Magistrate Judge's Report and Recommendation required by 28 U.S.C. § 636(b)(1)(C), including that failure to file timely objections to the Report and Recommendation would result in a waiver of further appeal. See United States v. Walters, 638 F.2d 947, 949-50 (6th

Cir. 1981). Neither party filed any objections thereto within the ten days provided for by Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b)(1)(C).

Having reviewed this matter de novo pursuant to 28 U.S.C. § 636(b), the COURT ADOPTS the Magistrate Judge's Report and Recommendation (doc. 11) in its entirety, and therefore DENIES Petitioner's writ of habeas corpus (doc. 1). Because petitioner has not made a substantial showing that he has stated a "viable claim of the denial of a constitutional right" or that the issues presented are "adequate to deserve encouragement to proceed further" the Court DOES NOT issue a certificate of appealability in this case. See Slack v. McDaniel, 529 U.S. 473, 475 (2002). Finally, the Court CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order would not be taken in "good faith" and therefore DENIES Petitioner leave to appeal in forma pauperis upon a showing of financial necessity.

SO ORDERED.


Dated: February 26, 2009    /s/ S. Arthur Spiegel
                            S. Arthur Spiegel
                            United States Senior District Judge